**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| THEODORE W. WHITE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-0203-CV-W-NKL |
| | ) | |
| RICHARD MCKINLEY, | ) | |
| TINA MCKINLEY, | ) | |
| KENNETH T. CONLEE, and | ) | |
| THE CITY OF LEE'S SUMMIT, | ) | |
| MISSOURI, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Pending before the Court is Defendant Tina McKinley's Motion to Dismiss Counts II and III of Theodore White's ("White") Amended Complaint [Doc. # 54]. For the reasons set forth below, the Court denies Tina McKinley's Motion.

## I. Background[1]

### A. The Underlying Case

Tina McKinley and White were married in December 1991. At the time of their marriage, Tina McKinley had a daughter and a son from a previous relationship and White adopted the children in January 1996. Tina McKinley filed for divorce from White

[1]The following factual overview is based on those facts alleged in White's Amended Complaint [Doc. # 11]. Although the facts are not designated as "alleged," it is understood that none of the facts contained herein represent findings of the Court.

in November 1997 and White briefly moved out of the family residence. In March 1998, White's daughter accused him of sexually molesting her. Tina McKinley contacted the Lee's Summit Police Department ("Lee's Summit") to begin criminal proceedings against White. Richard McKinley, who was then a detective with Lee's Summit, was assigned to investigate the matter. Richard McKinley and Tina McKinley subsequently began having a romantic affair and it continued throughout the course of the investigation. Richard McKinley and Tina McKinley are now married.

Based on his daughter's allegations, White was prosecuted and convicted for child molestation in 1999. White's counsel subsequently discovered the relationship between Richard McKinley and Tina McKinley and the conduct they engaged in to hide the affair and to dispose of potentially exculpatory evidence regarding White.[2] In 2002, the Missouri Court of Appeals reversed White's conviction for child molestation based on the improper conduct during the first trial.

White was again tried for child molestation in 2004. The Missouri Attorney General's office ("AGO") prosecuted the case because of the prosecutorial misconduct in the first trial.[3] The second trial resulted in a hung jury (11-1) in favor of acquitting White. In January 2005, White's third trial commenced and he was acquitted of the child

---

[2]Among other things, White alleges that Richard McKinley returned his daughter's diary to her after the diary did not reveal any incriminating statements about White and the alleged molestation. The diary was eventually lost and never available to White's counsel during his trial.

[3]The prosecuting attorney in the 1999 trial allegedly knew about the relationship between Richard McKinley and Tina McKinley but failed to disclose it to White's defense counsel.

2

molestation charges.

### B. The Instant Case

White filed his Complaint in the instant case in March 2005. He subsequently filed his Amended Complaint [Doc. # 11]. In his Complaint, White alleges seven counts against Defendants. In Counts II and III, White alleges that Tina McKinley conspired with Richard McKinley and the other Defendants to violate his civil rights in violation of 42 U.S.C. § 1983 (Count II), and she conspired with Richard McKinley to suppress exculpatory evidence (i.e., the daughter's diary and the existence of their affair) in violation of 42 U.S.C. § 1983 (Count III).

## II. Discussion

Tina McKinley now moves to dismiss Counts II and III claiming that she was a private actor and therefore is not subject to section 1983. It is axiomatic that section 1983 imposes liability only on "state actors" who act "under the color of state law." 42 U.S.C. 1983 (stating that "every person" who acts unlawfully "under color of any statute, ordinance, regulation" may be liable); *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851 (8th Cir. 2001) (stating that only state actors can be held liable under section 1983).

However, a private individual can be held liable under section 1983 if the individual willfully participates in joint activity with the state or its agents. *Id.*; *Comiskey v. JFTJ Corp.*, 989 F.2d 1007 (8th Cir. 1993). To demonstrate such joint action between a private party and a state actor, a plaintiff must demonstrate a "mutual understanding" or a "meeting of the minds" between the parties. *Deck v. Leftridge*, 771 F.2d 1168, 1170

3

(8th Cir. 1985).

Tina McKinley alleges that White has failed to sufficiently plead a conspiracy between her and the other Defendants. However, as White points out in his opposition, he has pleaded that Tina McKinley and Richard McKinley jointly encouraged her daughter to levy false allegations against White (¶ 46), they jointly agreed not to retain her daughter's diary as evidence in the case even though it contained potentially exculpatory evidence (¶¶ 50-51), Tina McKinley and the other Defendants formed an agreement to violate White's civil rights (¶¶ 131-32), and Tina McKinley and the other Defendants acted together to withhold evidence from White and his defense counsel (¶¶ 139-40).

If White can demonstrate that Tina McKinley's alleged conduct is true, then he may recover under section 1983, even though she is a private individual. Because it is undisputed that Richard McKinley--Tina McKinley's primary alleged co-conspirator-- was a state actor by virtue of his role as the investigating detective, then Tina McKinley's coordinated conduct with him may be tantamount to a conspiracy in violation of section 1983. The Court acknowledges that discovery may reveal that White's allegations are meritless, but it is premature to reach that conclusion at this stage of the case.

To the extent that Tina McKinley challenges the sufficiency of White's pleading, that claim also must fail. Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain merely a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The pleading requirement

4

encompassed in Rule 8 is generally termed "notice pleading" and its purpose is to give the opposing party "fair notice of the nature and basis or grounds for claim, and a general indication of the type of litigation involved." *Northern States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1056-57 (8th Cir. 2004) (citations omitted). Courts classify notice pleading as a "low standard." *Id.* Based on the allegations set forth above, White's Amended Complaint satisfactorily apprises Tina McKinley of the allegations and claims against her, particularly in light of the ongoing underlying proceedings.

White's Amended Complaint sufficiently sets out facts that, if true, would entitle him to relief under section 1983 and it satisfies the liberal notice pleading standard employed in federal courts. Therefore, the Court will deny Tina McKinley's Motion.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Tina McKinley's Motion to Dismiss [Doc. # 54] is DENIED.

                        s/ Nanette K. Laughrey
                        NANETTE K. LAUGHREY
                        United States District Judge

DATE: September 29, 2005
Kansas City, Missouri