IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THEODORE W. WHITE, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-0203-CV-W-NKL |
| | ) | |
| RICHARD MCKINLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Theodore White's ("White") Motion for Relief Under Fed. R. Civ. P. 56(f) [Doc. # 84]. For the reasons set forth below, the Court grants White's Motion.

**I.   Background**

At one time, White was convicted of molesting his child. After the Missouri Court of Appeals reversed his conviction, White was tried again for those same charges and eventually acquitted. In his pending civil action, White alleges that his former wife and Richard McKinley ("McKinley") were engaged in an extramarital affair during the investigation into the molestation charges. McKinley was the detective that investigated the charges against White. White also alleges that McKinley failed to secure a diary that contained exculpatory evidence, which was subsequently lost. White has filed suit against McKinley, his former wife, the Lee's Summit Missouri Police Department, and the chief of police for Lee's Summit. The following pertains only to White's claims

1

against McKinley

The genesis of the pending Motion was McKinley's Motion for Summary Judgment on the issue of qualified immunity [Doc. # 84] and his Motion to Stay Further Discovery [Doc. # 86]. In a telephone conference held on April 18, 2006, the Court denied McKinley's Motion to Stay Discovery. *See* Minute Entry [Doc. # 89].

In his Opposition to McKinley's Motion to Stay Discovery, White moved for relief under Fed. R. Civ. P. 56(f), and requested that the Court deny McKinley's Motion for Summary Judgment without prejudice so discovery can continue and McKinley can re-file the Motion at a later time.

Apparently, the parties did not understand that the Court already denied McKinley's Motion to Stay Discovery because they have now submitted briefs on that point. *See* Docs. ## 90 and 91. In his brief, White renews his request for relief under Fed. R. Civ. P. 56(f), to avoid responding to the pending Motion for Summary Judgment.

**II.  Discussion**

Rule 56(f) states:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment], that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). In his pending Motion for Summary Judgment, McKinley asserts that he is entitled to judgment on five bases: (1) probable cause existed for White's arrest

and prosecution and, even if probable cause did not exist, McKinley is protected by the defense of qualified immunity; (2) the relationship between McKinley and White's former wife was not a constitutional deprivation of White's rights; (3) White's conspiracy claim fails because it does not allege a constitutional deprivation; (4) McKinley's handling of exculpatory evidence does not give rise to a claim of a constitutional violation; and (5) White's state law claims fail because McKinley is protected by official immunity. *See* Motion [Doc. # 85] at p. I.

White's counsel submits an affidavit identifying areas where he needs to conduct more discovery before responding to McKinley's pending Motion. Counsel states that he needs discovery on (1) why Daniel White was unavailable to testify at the third criminal trial; (2) evidence surrounding the exculpatory evidence, including the diary and why McKinley did not secure it; (3) deposition testimony of other officers who may testify about how McKinley treated the investigation into White differently from his other investigations; and (4) when and under what circumstances the relationship between McKinley and White's former wife began--the parties dispute when the relationship commenced and White claims that goes directly to McKinley's defense of qualified immunity. *See* Affidavit of Brian McCallister [Doc. # 90] at Ex. B.

The Court finds that White should be granted relief under Rule 56(f) to engage in discovery prior to responding to McKinley's pending dispositive motion. As of the date of the telephone conference held on April 18, none of the parties had taken any depositions. According to the docket sheet on ECF, the parties have engaged in minimal

discovery under Rules 33 and 34. The factual assertions submitted in McKinley's Motion for Summary Judgment are derived from the transcripts and other exhibits used in White's underlying criminal jury trials, but the standards employed in the criminal case are substantially different from the standards used in White's section 1983 claims. Thus, discovery may need to be tailored to the demands of White's civil case rather than a criminal prosecution.

To be entitled to qualified immunity, McKinley must show that his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Court acknowledges that McKinley's subjective intent is immaterial because the standard is objective rather than subjective. *Id.* at 817. However, the facts on which discovery is needed do not do not just go to McKinley's subjective intent; they also go to McKinley's knowledge and his knowledge is relevant in evaluating whether he violated a right "of which a reasonable person would have known." *Id.* at 818.

Because White has had insufficient time to develop a factual record to oppose McKinley's defense of qualified immunity, the Court will invoke Rule 56(f). McKinley's Motion for Summary Judgment is denied without prejudice and it may be re-filed after White has been allowed to engage in discovery on the issues identified in his counsel's affidavit.

### III. Conclusion

Accordingly, it is hereby

(1) ORDERED that White's Motion for Relief Under Fed. R. Civ. P. 56(f) is GRANTED, and

(2) ORDERED that McKinley's Motion for Summary Judgment [Doc. # 84] is DENIED without prejudice.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

DATE: May 12, 2006  
Kansas City, Missouri