UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MINUTES OF TELEPHONE CONFERENCE

THEODORE W. WHITE, JR.　　　　　　　　　　CASE NUMBER: 05-203-CV-W-NKL
　　　　　v　　　　　　　　　　　　　　　　DATE: August 13, 2008

RICHARD MCKINLEY, et al.,

**HONORABLE　Nanette Laughrey**　presiding at Kansas City, Missouri

Nature of Proceeding: Pretrial conference by telephone

Time Commenced **9:07**　　　　Time Terminated **11:21**

| APPEARANCES FOR PLAINTIFF | APPEARANCES FOR DEFENDANT RICHARD MCKINLEY |
|---|---|

Pla Atty: Brian McCallister, Michael Kanovitz, Scott Pettit　　Dft Atty: James Ensz, Matthew Gist

APPEARANCES FOR MOVANT REBMAN　　　　APPEARANCES FOR DEFENDANT TINA MCKINLEY

Movant Atty: Lawrence Rebman　　　　Dft Atty: James Foland, Amy Coopman, Marty Jackson, Suzanne Bruss

APPEARANCE FOR WITNESS DANIELLE CAMP

Witness Atty: Daniel Thomas

Parties appear by telephone 9:07.  Pretrial matters discussed, motions ruled as follows:

Movant, Lawrence Rebman's Motion to Quash is granted as to the subpoena issued by the plaintiff. (317) The Court rules that the testimony of Danielle Camp will be read from her testimony from the criminal trial on behalf of Dft T. McKinley and and will be produced by video deposition for Dft R. McKinley. Attorney Thomas is directed to make Camp available.  The Court confirms it's prior ruling that there will be no evidence regarding the babysitter.  Testimony regarding when White's incarceration in Costa Rica took place will be permitted, but not allowed regarding his fleeing or the prison conditions in Costa Rica.  Testimony will be allowed regarding the prison conditions in America. (284) The Court indicates that the issue of whether J.M. was or was not molested is not relevant to the elements of the claims and defenses in this case. Testimony regarding R. McKinley's previous marriage will not be permitted. (284)  Parties will be permitted to make argument raising issued previously decided by the Court outside the hearing of the jury if an issue develops at trial. Testimony will be permitted regarding alleged threats by Dft T. McKinley accusing ex-husband of molestation; counsel for Dft. R. McKinley may submit a proposed jury instruction indicating that this evidence should only be considered as to

Dft. T. McKinley. (284, 286) Dft R. McKinley's motion in limine regarding plaintiff White's retained expert, Phillip Esplin EdD and Dennis Waller is denied. (284) All testimony regarding Danny McKinley is precluded. (286) The Court indicates that the jury statement will be redrafted to omit any reference to White's innocence in the criminal matter. Atty Ensz indicates that he will move for mistrial if the jury statement includes any statement regarding White's innocence or acquittal. Testimony regarding evidence of White's acquittal will be allowed. (284) Dft R. McKinley will be permitted to file the exhibits named in his motion to identify exhibits out of time, but plaintiff's motion in limine to keep the documents out of evidence is granted. (300) The Court indicates that it intends to bifurcate the issue of punitive damages. R. McKinley's motion to identify his tax returns and financial statements as an exhibit is granted as to the punitive phase; the Court makes no ruling as to admissibility.(313) Plaintiff's motion to add witness Claudia Baker out of time is granted. (311) Dft R. McKinley's Motion to take judicial notice regarding appellate opinion is denied; parties may attempt to admit appellate opinion directly. (327) Evidence regarding T. McKinley's statements about a Lee's Summit Firefighter will be allowed. (284) Plaintiff's motion in limine regarding T. McKinley's undisclosed witnesses is denied. (287)

Trial procedure is discussed. Parties indicate that settlement is not likely. Court is in recess 11:21

COURT REPORTER: Katie Wirt

CRD: C. James