# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| THEODORE W. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-0203-CV-W-NKL |
| | ) |
| RICHARD McKINLEY, et al, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Richard McKinley's Motion to Grant Credit for Settlement with Defendant Tina McKinley [Doc. # 403]. For the following reasons, the Court denies the motion.

## I.  Background

Plaintiff Theodore White ("White") sought recovery from, among others, Defendants Richard ("Richard") and Tina ("Tina") McKinley under 42 U.S.C. § 1983. He alleged that they deprived him of his Constitutional right to a fair trial. He claimed damages for his resulting incarceration in Costa Rica and the United States, as well as numerous other injuries. Before trial, the Court ruled that evidence of White's Costa Rican incarceration was inadmissible.

1

Shortly thereafter, White entered a partial settlement with Tina for $600,000, to be paid by two of her insurance companies. The settlement agreement begins with a general statement that White sought monetary damages in this case as a result of "being incarcerated." According to the settlement agreement, the settlement amount was "specifically allocated to compensate him only for the personal injuries sustained by him while incarcerated in" Costa Rica. The settlement agreement states that White would continue to prosecute his claim against Tina; however, White agreed not to seek satisfaction of any judgment against Tina from her personal assets. The settlement agreement states that White released the settling insurance companies, but indicates that White would pursue collection of judgment from Tina's other insurance companies, which were disputing coverage.

At trial, the parties did not introduce evidence of White's Costa Rican incarceration. The jury rendered a $16 million judgment in favor of White against Richard and Tina. Richard filed post-trial motions. More than two months after the Court entered judgment, Richard filed his motion for settlement credit.

## II. Discussion

White argues that Richard's motion is untimely. Nothing in the rules or applicable case law dictates a deadline for filing settlement credit motions. The Court is still actively considering the substantive issues in this case. The Court will consider Richard's motion as timely. *See generally K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1013 (8th Cir.

2007) (finding abuse of discretion in the district court's failure to consider – based on untimeliness – a motion for settlement credit concerning environmental litigation).

The parties do not discuss choice of law principles applicable to Richard's motion, though they cite primarily to Missouri state law. Regardless of whether state or federal law controls, the Court would reach the same conclusion. "Under federal law, where a settlement payment and the jury's award pertain inseparably to one and the same loss, the verdict must be credited with the payment on settlement." *Arthur Young & Co. v. Reves*, 937 F.2d 1310 (8th Cir. 1991) (citation and internal punctuation omitted). Similarly, in Missouri, the "purpose of . . . setoff is to prevent double compensation for one injury." *Sisco v. Board of Trustees of Police Retirement Sys. of St. Louis*, 31 S.W.3d 114, 119 (Mo. App. Ct. 2000).

Thus, settlement credit is not appropriate where a verdict does not relate to injuries compensated by a settlement. In *Dowd v. United Steelworkers of America, Local No. 286*, 253 F.3d 1093, 1103 (8th Cir. 2001), the court denied setoff of a settlement with an employer in a Title VII case, where the case was brought against both the employer and a union. *Id.* There, the jury had been instructed to render a judgment based solely upon the union's conduct. *Id.* The *Dowd* court found that the verdict excluded the employer's conduct and, thus, the employer's settlement did not duplicate the verdict award. *Id.* at 1104. The question, then, is whether White's settlement with Tina compensated him for the same injury as did the jury verdict against Richard and Tina.

3

Obviously, White and Tina intended to avoid settlement credit against the verdict in executing the agreement. At the time of the agreement, the Court had already barred from the trial evidence of Costa Rican incarceration. The verdict could not have encompassed an award for such injury. Certainly, White and Tina crafted their settlement agreement with the intent that it not be considered as compensating White for losses that would be addressed by a jury verdict.

The issue then becomes whether, despite its stated purpose, the settlement agreement nevertheless compensates White for the same injury as does the verdict. The settlement agreement left standing the bulk of White's claims against Tina; indeed, it left standing claims against Tina which were identical to those against Richard. Though the settlement agreement states that White would not pursue collection of judgment against Tina personally, it indicates that White would be free to pursue collection from her non-settling insurance companies. Where the settlement agreement left open the possibility that White would receive and collect a judgment on the remainder of his claims against Tina, it was only a partial settlement. That settlement expressly related to Costa Rican incarceration only, which was not an element of the verdict's award.

It cannot be said that the strategic crafting at issue demonstrates bad faith which would entitle Richard to settlement credit. *See generally Daniel v. Indiana Mills & Mfg., Inc.*, 103 S.W.3d 302, 318 (Mo. App. Ct. 2003) (suggesting in dicta that a stipulated settlement amount that was not stated in good faith – because the actual amount paid was

4

greater – might render the verdict subject to higher settlement credit). This was not a sham agreement in which one side did not benefit. Tina benefitted from the agreement: she eliminated the possibility that White would collect a judgment from her personally; moreover, she eliminated the possibility that White would collect a subsequent judgment against her based on Costa Rican incarceration if the Court's ruling concerning damages from Costa Rican prison conditions is reversed on appeal. The parties were free to place a dollar value on those benefits as they saw fit, as parties do when settling a case after verdict but pending appeal.

**III. Conclusion**

Accordingly, it is hereby ORDERED that McKinley's Motion to Grant Credit for Settlement [Doc. # 403] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 26, 2009
Kansas City, Missouri

5